IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| EDWARD GORDON FRY, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | CASE NO. 4:12cv417 |
| | § | Judge Clark/Judge Mazzant |
| PATRICK R. DONAHOE. Postmaster General, | § | |
| | § | |
| | § | |
| *Defendant.* | § | |

**ORDER ADOPTING REPORT AND**
**RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On January 15, 2013, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that defendant's Motion to Dismiss for Insufficient Service of Process Under Rule 12(b)(5), for Lack of Personal Jurisdiction under Rule 12(b)(2), for Lack of Subject Matter Jurisdiction under Rule 12(b)(1), and for Failure to State a Claim under Rule 12(b)(6) [Doc. #11] be granted in part. On January 30, 2013, defendant filed objections [Doc. #13]. On February 11, 2013, plaintiff filed a response to defendant's objections [Doc. #14].

The Magistrate Judge addressed defendant's first ground of dismissal, insufficient service of process. The Magistrate Judge determined that in this case, plaintiff failed to comply with the requirements of Rules 4(i)(1) and 4(m) because he also needed to serve the United States attorney and United States attorney general. The report also indicated that although the court approved

plaintiff to proceed *pro se*, he is responsible for properly preparing the summonses that are served by the Marshal's Service. The Magistrate Judge also determined that dismissal was not appropriate and that the *pro se* plaintiff should be given another opportunity to serve defendant properly. The Magistrate Judge did not address any other ground for dismissal.

Defendant objects that since plaintiff never responded to the motion to dismiss, there was no good cause shown to allow additional time for service. The court rejects that argument. The court has discretion to allow service beyond the required time period, and the Magistrate Judge correctly utilized that discretion in allowing a *pro se* party additional time to serve defendant.

Defendant next objects that allowing service now would needlessly prolong this case in light of the legal impediments to plaintiff's claims. Essentially, defendant takes issue with the Magistrate Judge's failure to address the additional grounds for dismissal. The court finds that this argument has no merit. Defendant's first ground for dismissal was insufficient service, which the Magistrate Judge found to be correct. There is nothing that requires the Magistrate Judge to continue to address additional arguments raised by defendant until this court has proper jurisdiction over this matter. Although the Magistrate Judge could have addressed the additional arguments, there is no error by the failure to do so. Defendant is the one that asserted a defect in service and cannot complain that the court is requiring that procedural step to be corrected before addressing additional grounds.

Having received the report of the United States Magistrate Judge, and considering the objections thereto filed by defendant [Doc. #13], as well as plaintiff's response [Doc. #14], this court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the court.

It is, therefore, **ORDERED** that defendant's Motion to Dismiss for Insufficient Service of

Process Under Rule 12(b)(5), for Lack of Personal Jurisdiction under Rule 12(b)(2), for Lack of Subject Matter Jurisdiction under Rule 12(b)(1), and for Failure to State a Claim under Rule 12(b)(6) [Doc. #11] is **GRANTED** in part.  Plaintiff shall prepare service of process for the defendant within fourteen days of this order, after which the Clerk of the Court will issue process and the United States Marshal shall serve process upon the defendant.

So **ORDERED** and **SIGNED** this **28** day of **March, 2013.**

_____
Ron Clark, United States District Judge